UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES CASTON,<br><br>        Plaintiff,<br><br>v.<br><br>MEDICARE & MEDICAID DRUG<br>PRESCRIPTION PROGRAM, *et al.*,<br><br>        Defendants. | 2:07-cv-00490-LDG-LRL<br><br>**APPLICATION TO PROCEED *IN FORMA PAUPERIS* (#1)** |

**REPORT & RECOMMENDATION**

      Charles Caston, acting *pro se*, is suing Medicare & Medicaid Drug Prescription Program, Big Brother United States Government Computer & Mind Control, Mexico, the United States Senate, and the United States Congress, for violating his constitutional rights. Plaintiff requests the court to enter an injunction closing Capitol Hill. Plaintiff also requests that the court order seizure of all property that was used for brain washing. Plaintiff filed an Application to Proceed *In Forma Pauperis* and Complaint on April 13, 2007 (#1).

**BACKGROUND**

      This Complaint is an exactly duplicate of that filed in 2:07-cv-00467-PMP-LRL, 2:07-cv-489-JCM-LRL, and 2:07-cv-00515-RCJ-LRL; only the names of the defendants differ. The undersigned has submitted a similar Report & Recommendation in connection with each of these cases.

**DISCUSSION**

**I. *Pauperis* Status**

      Plaintiff's Application is incomplete. Plaintiff filed the first page of the Application, but

failed to file the second page wherein applicants are required to attest that the information they have provided is true under penalty of perjury. 28 U.S.C. § 1915 allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." The decision to grant or deny *in forma pauperis* status under § 1915 lies within the sound discretion of the court. *See Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963). Based on the incomplete Application the court cannot award *pauperis* status. *See* 28 U.S.C. § 1915.

**II. Complaint**

Because plaintiff is proceeding *in forma pauperis*, this court must review the instant action. 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). Pleadings prepared by *pro se* litigants should be held to less stringent standards and thus be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). However, "[p]ro se litigants must follow the same rules of procedure as other litigants." *King*, 814 F.2d at 567 (citations omitted). In determining whether a plaintiff has satisfied Rule 12(b)(6), all material allegations in the complaint are accepted as true and are construed in the light most favorable to the plaintiff. *See Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980) (citations omitted).

Upon review the court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational

1 or the wholly incredible, whether or not there are judicially noticeable facts available to contradict
2 them." *Denton*, 504 U.S. at 33.

3   As a Complaint, the plaintiff submitted a form titled "Civil Asset Forfeiture and Criminal
4 Seizure and Order of Protection Against Domestic Violence." The form is not one used in this
5 court, nor does the information contained therein form the basis of a claim upon which relief may be
6 granted. In fact, plaintiff's Complaint rises to the level of the irrational or the wholly incredible.

7   The Complaint names the Medicare & Medicaid Drug Program as the "person" from whom
8 plaintiff is seeking protection. None of the other defendants are mentioned except that plaintiff
9 checked a box labeled "Move Out Order" and indicated that he requests that the court close Capitol
10 Hill and ask the RICO Act and Senators and Congressmen to move out and not return. Plaintiff also
11 asks for extra time to notify "Mind Control, Mental Retards with Guns" and to "Seize all U.S.
12 Government Property used for criminal activity, brain washing, stalking and odious forces."
13 Plaintiff describes the "most recent abuse" as being "urine poured on me while, I had a Dream!"
14 Further, plaintiff states that he was afraid because defendants, *inter alia*, stole pictures from a
15 storage unit, attempted murder in a rental car, and price gouged. Plaintiff also indicates that
16 defendants used a gun or weapon to deny him sex, put chemicals in food and drink, beat him down
17 in Sacramento, and burn his feet with Broadband Technology. Given the fanciful allegations of
18 plaintiff's Complaint, the legal and factual deficiencies cannot be cured by amendment.
19 . . .
20 . . .
21 . . .
22 . . .
23 . . .
24 . . .
25 . . .
26 . . .

**ORDER**

IT IS ORDERED that the Application to Proceed *in Forma Pauperis* (#1) is DENIED without prejudice.

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that the Complaint should be dismissed with prejudice.

**NOTICE**

Pursuant to LR IB 3-2(a), any objections to this Report and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days from receipt of this Notice.

DATED this 14th day of June, 2007.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**